**UNITED STATES of America,
Appellee,**

v.

**Ramon LOPEZ, Defendant-Appellant.
No. 92, Docket 26656.**

United States Court of Appeals
Second Circuit.

Argued Oct. 10, 1962.

Decided Oct. 25, 1962.

## PER CURIAM.

Ramon Lopez, appellant herein, was charged in the Southern District of New York together with his brother Rafael Lopez with violation of 21 U.S.C. §§ 173 and 174 by concealment, etc. of heroin and conspiracy to do so. Rafael was charged on three substantive counts and one of conspiracy, Ramon on two substantive counts and one of conspiracy. Rafael pleaded guilty, Ramon was found guilty on trial to the jury, Alexander Bicks, D. J., and was sentenced to concurrent 15 year sentences as a subsequent narcotics offender. Ramon appeals, contending that there was insufficient evidence on the conspiracy count and that permitting it to go to the jury infected the verdicts on the other counts. He also contends that there was prejudicial error in the prosecution's summation. We find no substance in either claim and affirm the judgment.

■ There was direct testimony of three sales by Rafael to a narcotics agent, and on the second and third sales of the departure of Ramon from a bar in which Rafael and the agent were negotiating to a cache in his locked car, the delivery in each case of a package by Ramon to Rafael by hand on a street corner, the sale of the package by Rafael to the agent, and the heroin content of the package. There was sufficient, evidence for the jury to base an inference of partnership of Ramon in the illegal enterprise. Moreover, the sentences are concurrent on each count.

■ The portion of the summation under attack properly pointed out a discrepancy between the testimony of the defendant on the stand that he had denied to the agents implication in the sale, and the transcript admittedly correct, of the interview with the agents where he had not denied implication, but had refused to talk until he saw his lawyer. This was not a claim by the government that exercise of the privilege to remain silent was an admission of guilt, and the Court was careful to warn the jury that no such inference could be drawn. It was the

Joseph I. Stone, New York City (Selig Lenefsky, New York City, on the brief), for defendant-appellant.

Robert M. Cipes, Asst. U. S. Atty., for the Southern Dist. of New York (Vincent L. Broderick, U. S. Atty., and Andrew T. McEvoy, Jr., Asst. U. S. Atty., Southern Dist. of New York, on the brief), for appellee.

Before CLARK, MOORE and SMITH, Circuit Judges.

pointing up of an acknowledged contradiction in defendant's own testimony as bearing on his credibility. There is no error here. See United States v. Gross, 276 F.2d 816, 821 (2 Cir.), cert. denied 363 U.S. 831, 80 S.Ct. 1602, 4 L.Ed.2d 1525 (1960).

Judgment affirmed.